Emma H. Willis v. Commissioner.
Willis v. Commissioner
Docket No. 40236.
United States Tax Court
T.C. Memo 1955-44; 1955 Tax Ct. Memo LEXIS 295; 14 T.C.M. (CCH) 149; T.C.M. (RIA) 55044; February 23, 1955
*295 Ed. J. deVerges, Esq., 717 Whitney Building, New Orleans, La., for the petitioner. E. G. Sievers, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent has determined deficiencies in petitioner's income tax as follows: Year
Deficiency
1945
$ 679.15
1946
8,367.66
1947
18,665.64
The question presented for our consideration is whether petitioner is taxable on all or only one-third of the income from certain real property during 1945, 1946 and part of 1947. Findings of Fact Petitioner, a resident of Rayville, Louisiana, filed an individual income tax return for 1945, 1946 and 1947 with the collector of internal revenue for the district of Louisiana. John W. Willis, husband of petitioner, was an insurance salesman. During the earlier 1930's his business was not successful and at times he was unemployed. Petitioner and her son-in-law, John McCarthy, lived in the same apartment building. McCarthy was an abstractor, and in the course of his work he learned about the real property situated around Delhi and Rayville, Louisiana. In 1934 petitioner filed a suit against her husband in the district *296 court of the Parish of Richland to dissolve and put to an end the community of acquest and gains that existed between them. She did this because of her husband's poor economic condition, and she believed that their community property could be endangered by the claims of his creditors; a judgment was rendered in her favor. Some time after this suit, petitioner's husband learned that a tract of land in and around Delhi, known as the Rohnert property, approximately 1,100 acres plus some town lots, had been abandoned and adjudicated to the state. He suggested that he and McCarthy buy this land. McCarthy negotiated with the former owner and her relatives, and as a result of these negotiations, by a quit claim deed dated December 22, 1938, the former owner conveyed the Rohnert property "unto E. H. Willis." The stated consideration in the deed was $1,400, represented by a secured note bearing eight per cent interest. In addition the vendee agreed to pay all past due and delinquent taxes on the conveyed property. At the time of the conveyance this property was not especially valuable but some six years later oil was discovered on the land and the value of the land increased. In the purchase *297 of the Rohnert property McCarthy did all the title work, prepared the descriptions, wrote the deeds, and corresponded with the former owners. At the suggestion of an attorney and for economic reasons, title to the Rohnert property was placed in the name of Emma H. Willis. By an instrument entitled "CERTIFICATE OF REDEMPTION OF LAND SOLD FOR TAXES AND BID IN FOR THE STATE, ISSUED UNDER ACT 47 OF 1938," dated December 20, 1938, the Registrar, Louisiana State Land Office, certified "that Mrs. E. H. Willis has applied for redemption" of the Rohnert property; "that the said Mrs. E. H. Willis has agreed to pay to the Treasurer of the State of Louisiana the sum of Five Hundred and 19/100 Dollars ($500.19) being the amount of the actual taxes for which said lots or lands were adjudicated to the State." On February 24, 1939, the Louisiana State Tax Commission directed the sheriff and ex-officio tax collector of the Parish of Richland at Rayville to cancel taxes assessed against the Rohnert property for the years 1936, 1937 and 1938, and to put the property back on the tax rolls as of January 1, 1939, as property redeemed under the installment plan in the name of Emma H. Willis. On April 30, 1941, the *298 mayor of Delhi issued a certificate of redemption as to certain lots included in the Rohnert property and acknowledged receiving $1,100 in payment of taxes, interest, and costs of redemption of the Rohnert property. In the certificate of redemption issued by the mayor of Delhi, E. H. Willis was the person named as the one who paid the taxes, interest and costs due on the property. Some time after December 22, 1938, but before 1945, at least six parcels of land carved out of the Rohnert property were sold. McCarthy helped negotiate the sales. He also prepared the deeds, but petitioner alone executed them. In each deed petitioner appeared as "wife of John W. Willis, but separate in property by judgment of the Court." Petitioner alone was the grantor on each of the deeds. In 1946 John W. Willis ratified three prior conveyances from the Rohnert property; on none of these conveyances did John W. Willis execute the deeds as a grantor. On or about February 10, 1947, petitioner executed a gift tax return which reported the gift of a one-eighth overriding royalty to petitioner's grandson, petitioner alone being denominated the donor therein. Early in 1947 John W. Willis was "having some *299 trouble with the income tax people" and he sought the advice of a lawyer and an accountant. As a result of discussions with the attorney and the accountant, petitioner, John W. Willis and McCarthy executed, on October 10, 1947, an instrument which the petitioner has called a "Declaration of Ownership" or a "Declaration of Interest." This instrument, among other things, states that the Rohnert property was placed in the name of petitioner by a deed executed by Mrs. Emma Rohnert on December 22, 1938, and later recorded, and that a one-half payment for the property was made by petitioner from her separate estate and the other half by John W. Willis from his estate. The instrument stated that McCarthy, for his services in the acquisition of the property, received an undivided one-third interest. It stated that title to the land was taken in petitioner's name as a convenience but that actually petitioner, John W. Willis and McCarthy each received a one-third interest as of December 22, 1938. The instrument related that certain parcels were sold but that these sales were made with the consent and knowledge of John W. Willis and McCarthy, and that the sales proceeds were shared. A part of *300 the instrument is as follows: "And in consideration of the premises the said Mrs. Emma H. Willis does hereby transfer and convey, as of December 22, 1938, unto the said John W. Willis and the said John McCarthy an undivided one-third interest each in said property and in the oil, gas and other minerals therein and in the royalties and other benefits accrued and to accrue on account thereof, together with all rights, ways, privileges and appurtenances thereunto belonging or appertaining, subject to such sales, conveyances, oil, gas and mineral leases and other transactions in connection with said property as have heretofore been made by her, acknowledging hereby that the said John W. Willis and the said John McCarthy own and have all along owned one-third each of said property and of all interests and rights therein of every nature and kind appearing on the records of this parish in the name of the said Mrs. Emma H. Willis, from whatever source such interests may have come." In 1945 and 1946 there was little income from the Rohnert property. McCarthy did not report any of this income on his tax returns. In 1947 he reported on Schedule E, income from partnerships, estates and trusts, *301 and other sources, $15,322.79 as income from "Mrs. E. H. Willis, et al." On November 22, 1938, petitioner, her husband, John W. Willis, and her son-in-law, John McCarthy, purchased the Rohnert property in question and each became an owner in good faith of an undivided onethird interest therein, and continued to own same in that proportion from that date to and including the year 1947. Furthermore, during all of said period of time each of them were entitled to receive and did receive one-third of the income from said property. Opinion The issue for decision is whether petitioner is taxable on all of the income from certain real property known as the Rohnert property, in the years 1945 and 1946, and from January 1 to October 10, 1947, as determined by respondent, or taxable on only one-third of the same, as petitioner contends. The record legal title to this property was in petitioner from December 22, 1938, the date same was deeded to her by Emma Rohnert, until October 10, 1747. On this last date petitioner, her husband and son-in-law, John McCarthy, executed the document termed herein a declaration of ownership, which recited that said three parties had each been equal one-third *302 owners of the Rohnert property continuously from December 22, 1938, the date of its acquisition, but that the title to same, for convenience, was taken in the name of petitioner, and stating in detail the facts with reference thereto. Based upon the recitals contained in this declaration and from the evidence and record as a whole, we have found as an ultimate fact that there was an actual bona fide purchase and ownership of the Rohnert property by petitioner, her husband and McCarthy and that in the taxable years in question each owned an undivided one-third interest therein and was entitled to and received one-third of the income therefrom. Unquestionably under the law of Louisiana the legal title to the Rohnert property was in petitioner, and in courts of that state parol evidence was inadmissible to show that the vendee was in reality some person or persons other than the vendee named in the deed. ; . However, in a proceeding of this kind, a taxpayer may submit parol evidence to establish the interest of the parties to property in a written instrument, and the *303 Government, not being a party thereto, can not invoke the inhibition against parol evidence. ; ; . Furthermore, in determining Federal income tax liability, substance rather than form plays a dominant role. "Generally, where parties have a bona fide agreement to divide profits in specified proportions, they are taxable only with respect to their proportionate share." Mertens Law of Federal Income Taxation, Vol. 2, page 609, sec. 17.19 and cases there cited. In , it was held that where, pursuant to an oral agreement by husband, wife and son, securities were purchased and held in the name of the husband but for the equal benefit of all three in good faith, without concealment from the authorities, the income yielded by the securities was taxable to the parties in proportion to their respective interests therein. The Court there said the taxing authorities "should look at the actualities, the substance, the realities, and not the form of the transaction in determining such tax liabilities. *304 " Respondent on brief contends that petitioner was the sole owner of the Rohnert property until October 10, 1947, when the declaration of ownership was executed. In effect he argues that it was not until after oil was discovered on the property that the parties decided to divide the ownership into three parts. The evidence does not sustain this contention. On the contrary it clearly appears that the agreement of the three parties to jointly acquire the property in the name of petitioner was made when the property was purchased. McCarthy so testified, as did the attorney in whose office was written the deed from Mrs. Rohnert to petitioner, after the attorney had advised and consulted with the three relative thereto. It was at the attorney's suggestion that the title was taken in petitioner's name only, and the reason therefor appears to have been valid and reasonable. Further corroboration of petitioner's contention is the testimony of a disinterested witness, the Clerk of the Court of Richland Parish, who, after identifying the Rohnert deed and other recorded instruments from his office which were introduced in evidence, testified as to his acquaintance with McCarthy and Mr. and *305 Mrs. Willis, and of his personal knowledge of events happening at the time they bought the Rohnert property, and of the active part played by McCarthy and Willis, especially the former, in acquiring the property. The Court Clerk further testified over respondent's objection that McCa thy and Mr. Willis always claimed to have an interest in the property and that "it was generally known and conceded that Mr. McCarthy and Mr. Willis had an interest in the property." We have considered respondent's objection to this testimony, made at the time it was offered, and also in his brief, and think it is without merit. This evidence refutes respondent's contention that the triple ownership claim was a fabrication made after oil was discovered on the land, and it also tends to establish the good faith of the ownership agreement, in that there was no effort to conceal it from the authorities or the public. Respondent, in support of his contention of petitioner's sole ownership, stresses the fact that sales of part of the property were made in 1939, 1942 and 1944, and petitioner alone executed deeds of conveyance thereto. Also that in 1946 a gift of part of the royalty in the land was made *306 to petitioner's grandson, whose parents were McCarthy and petitioner's daughter, and that petitioner's husband and McCarthy did not join in the conveyance. Since the record title on all of these dates was in petitioner, naturally she executed the deeds of conveyance. As to the gift to the grandson, McCarthy testified it was made just after the grandson had returned from the army, and that before it was made, he, petitioner and her husband all discussed it and agreed that it should be made. Respondent complains that the record fails to show a detailed accounting of the distribution of the income from the property among the three alleged owners. He says that while there was evidence that a complete settlement and accounting was had between the three when the declaration of ownership was executed, no written documentary evidence was offered to confirm same. Since petitioner, her husband, her son-in-law McCarthy and his wife all lived together and constituted a single family and had many needs in common, doubtless no books or strict record of accounting was kept, but we think it appears from the evidence as a whole that the income from the Rohnert property was equitably divided and apportioned *307 between the three owners according to their respective interests therein. Upon the controverted issue petitioner is sustained. Since petitioner is not contesting other adjustments in the notice of deficiency, Decision will be entered under Rule 50.